# EXHIBIT A

*Harriel v. Bealls, Inc.*, No. 8:25-CV-1165-TPB-SPF, 2025 WL 2379617 (M.D. Fla. Aug. 15, 2025)

2025 WL 2379617
Only the Westlaw citation is currently available.
United States District Court, M.D. Florida.

DONELLA HARRIEL, Plaintiff,
v.
BEALLS, INC., Defendant.

Case No. 8:25-cv-1165-TPB-SPF
|
08/15/2025

TOM BARBER, UNITED STATES DISTRICT JUDGE

### ORDER DENYING "DEFENDANT BEALLS INC.'S MOTION TO DISMISS"

*1  This matter is before the Court on "Defendant Bealls Inc.'s Motion to Dismiss," filed on June 30, 2025. (Doc. 19). On August 11, 2025, Plaintiff Donella Harriel filed a response in opposition. (Doc. 32). After reviewing the motion, response, court file, and the record, the Court finds as follows:

This case arises from a series of unsolicited and unwanted text messages. Plaintiff Donella Harriel alleges that, despite being on the national do not call registry since 2024, she received several promotional text messages from Defendant Bealls Inc. on her personal cellphone throughout March and April 2025. As a result, Plaintiff asserts that she suffered "an invasion of privacy, an intrusion into her life, and a private nuisance."

On May 6, 2025, Plaintiff filed a one-count complaint against Defendant for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c). She seeks to bring a class action on behalf of herself and all others similarly situated throughout the United States. In the instant motion, Defendant seeks dismissal of the complaint in its entirety.

### Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." Id. at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. Rickman v. Precisionaire, Inc., 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." Id. (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

### Analysis

The TCPA prohibits "any person from making or transmitting a telephone solicitation to the telephone number of any subscriber" included on the do not call registry. 47 U.S.C. § 227(c)(3). Accordingly, it authorizes the Federal Communications Commission ("FCC") to "prescribe regulations to implement methods and procedures for protecting the privacy rights" of "residential telephone subscribers." 47 U.S.C. § 227(c)(2). Relevant here, it also provides a private right of action to any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection." 47 U.S.C. § 227(c)(5).

*2  Defendant's sole argument for dismissal is that Plaintiff cannot bring suit under 47 U.S.C. § 227(c) because the text messages were sent to a cellphone rather than a "residential telephone." In support, Defendant points to the use of "residential" – as opposed to "cellular" or "wireless" – throughout § 227(c) and its implementing regulation. See, e.g., 47 U.S.C. § 227(c)(1) ("[T]he Commission shall initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights."); 47 C.F.R. § 64.1200(c)(2) (providing that that no one shall initiate a telephone solicitation to a "residential telephone

subscriber who has registered his or her telephone number on the national do-not-call registry...."). Defendant additionally reasons that because Congress referenced cellular devices at other points in the TCPA, its exclusion from § 227(c) must be understood as intentional.

But the FCC thinks otherwise. In a 2003 report and order, the FCC explained that it would "presume wireless subscribers who ask to be put on the [do not call registry] to be 'residential subscribers.' " *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C.R. 14014, 14039 (2003). In so doing, it reasoned that "it is more consistent with the overall intent of the TCPA to allow wireless subscribers to benefit from the full range of TCPA protections." *Id.* As a result, courts have routinely adopted this interpretation. *See Cacho v. McCarthy & Kelly LLP*, 739 F. Supp. 3d 195, 203 (S.D.N.Y. 2024) ("Numerous courts have applied the presumption the FCC incorporated into its TCPA regulations, and held that an individual who registers her cellphone with the Do Not Call Registry is a residential telephone subscriber.") (collecting cases).

Defendant responds by emphasizing that the Court is no longer required to give deference to the FCC's interpretation, relying on the Supreme Court's recent decision in *McLaughlin Chiropractic Associates, Inc. v. McKesson Corporation*, which explained that "[d]istrict courts are not bound by the agency's interpretation, but instead must determine the meaning of the law under ordinary principles of statutory interpretation, affording appropriate respect to the agency's interpretation." 145 S. Ct. 2006, 2015 (2025) (citing *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 402 (2024)).

While the Court acknowledges the changing landscape concerning deference owed to agency interpretation, it nevertheless finds the FCC's interpretation persuasive and accurate in this case. *See Loper Bright*, 603 U.S. at 371 ("Courts exercising independent judgment in determining the meaning of statutory provisions, consistent with the APA, may—as they have from the start—seek aid from the interpretations of those responsible for implementing particular statutes."). The Court agrees with Plaintiff that the application of § 227(c) to cellphone subscribers comports with overarching intent and structure of TCPA. *See Susinno v. Work Out World Inc.*, 862 F.3d 346 (3d Cir. 2017) ("Although it is true that the TCPA placed particular emphasis on intrusions upon the privacy of the home in 1991, this expression of particular concern for residential calls does not limit—either expressly or by implication—the statute's application to cell phone calls."). And, on a practical level, the FCC's interpretation recognizes the plain reality that most people "exclusively use cellphones in their residence and do not own landline phones." *Jackson v. Direct Building Supplies LLC*, No. 4:23-CV-01569, 2024 WL 184449, at *7 (M.D. Pa. Jan. 17, 2024).

The Court notes that it is not alone in coming to this conclusion. It appears that since *McLaughlin Chiropractic*, every court examining this particular issue concerning "residential" phones has held that the TCPA's provisions apply to cell phones. *See Isaacs v. USHealth Advisors, LLC*, No. 3:24-CV-00216-LMM, 2025 WL 2268359, at *2 (N.D. Ga. Aug. 7, 2025); *Ferrell v. Colourpop Cosmetics, LLC*, 2025 U.S. Dist. LEXIS 140893, at *16; *Wilson v. Hard Eight Nutrition LLC*, No. 6:25-CV-00144-AA, 2025 WL 1784815, at *5 (D. Or. June 27, 2025).

**\*3** Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant Bealls Inc.'s Motion to Dismiss" (Doc. 19) is **DENIED**.

2. Defendant Bealls Inc. is directed to file an answer to the complaint on or before August 29, 2025.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 15th day of August, 2025.

TOM BARBER

UNITED STATES DISTRICT JUDGE

**All Citations**

Slip Copy, 2025 WL 2379617

---

End of Document                                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.